**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID GOLDMAN,                                    CASE NO.:

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, DAVID GOLDMAN ("Plaintiff" or "Mr. Goldman"), by and through undersigned counsel, files this Complaint against Defendant, LOWE'S HOME CENTERS, LLC ("Defendant" or "Lowe's"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

1

## PARTIES, JURISDICTION, AND VENUE

2.  Mr. Goldman was an employee who performed services on behalf of Defendant in Polk County, Florida.

3.  Lowe's is a foreign limited liability company located in Mooresville, North Carolina, and which, at all times relevant, performed work in Polk County, Florida.

4.  Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5.  Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Polk County, Florida.

## FLSA COVERAGE

6.  At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7.  At all times material hereto, Plaintiff was a resident of Polk County, Florida.

8.  At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant was primarily engaged in operating a home and garden improvement store in Polk County, Florida.

13. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as lumber, tools, appliances, pesticides, sprayers, hoses, etc., but which had come to rest

within its store location in Polk County, Florida.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Lumber Supervisors like Plaintiff.

## FACTUAL ALLEGATIONS

17. Mr. Goldman worked for Defendant, most recently as an hourly-paid Lumber Supervisor, from April of 2016 until his termination on or about May 27, 2022.

18. As a Lumber Supervisor, Mr. Goldman's most recent hourly rate of pay was $20.49/hour from Lowe's.

19. Mr. Goldman was, for the three (3) years prior to his termination, very often tasked with covering overnight Supervisor shifts when Lowe's Overnight Supervisor had vacation or utilized paid time off, called in sick, etc.

20. When working overnight, Lowe's routinely required Mr. Goldman to clock out for hour-long "lunch breaks."

21. However, these breaks were illusory as Lowe's required Mr. Goldman to stay in the building and mind it in case the alarm went off for

any reason, and to stand ready to respond to the alarm company and/or other first responders.

22. Lowe's routinely failed to pay Mr. Goldman anything at all for these mandatory "lunch breaks," even when, as they often did, those unpaid hours would have made his total hours for the week in question exceed forty (40).

23. Mr. Goldman always worked in Polk County, Florida, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors, specifically Lowe's Assistant Store Manager.

24. Mr. Goldman had no authority to hire or fire employees of Lowe's.

25. Mr. Goldman had limited authority to discipline employees of Lowe's, and such disciplinary decisions always required permission from one of his Lowe's Managers or from Lowe's Human Resources.

26. Mr. Goldman had no authority to set rates of pay for other employees or agents of Lowe's.

27. All of Mr. Goldman's major decisions had to be cleared in advance by one of Lowe's supervisors.

28. Mr. Goldman was closely monitored by Lowe's managers and supervisors, specifically his Assistant Store Manager, at all times.

29. Mr. Goldman followed procedures and guidelines established by LOWE'S and exercised little autonomy or judgment on a routine basis.

30. Mr. Goldman's primary duties were to provide Lumber Supervisor services to Lowe's, its employees, and its customers.

31. The primary value that Lowe's placed on Mr. Goldman was his services as a worker; his "managerial" duties were limited or nonexistent, and of secondary value to Lowe's.

32. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week, particularly when its Overnight Supervisor was absent.

33. Plaintiff regularly worked forty-five (45) or more hours per week for Defendant during his employment with Defendant.

34. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendant.

35. Commencing in or about March of 2019, when Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

36. Defendant has routinely failed to pay Plaintiff anything at all for overtime hours that he has worked during his employment.

37. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff has worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

38. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

39. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

40. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and

pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

41. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

42. Based on the allegations in Paragraphs 39-41, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

43. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

44. Plaintiff re-incorporates and re-alleges paragraphs 1 through 43 of the Complaint as though set forth fully herein, and further alleges as follows:

45. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

46. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

47. Plaintiff was not an exempt employee as defined by the FLSA, and was instead a non-exempt employee as defined by the FLSA.

48. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff suffered damages, in addition to incurring reasonable attorneys' fees and costs.

49. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein were in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 29th day of June, 2022.

Respectfully Submitted,

**By: /s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*